James R. BLOHM, Plaintiff,

v.

Walter N. TOBRINER et al., Board of Commissioners, Defendants.

Civ. A. No. 3630-62.

United States District Court
District of Columbia.

Oct. 9, 1964.

Maurice A. Guervitz, Washington, D. C., for plaintiff.

Chester H. Gray, Corp. Counsel, John A. Earnest, Lyman J. Umstead, Asst. Corp. Counsel, Washington, D. C., for defendants.

KEECH, District Judge.

This is an action by a member of the Metropolitan Police Department for a mandatory injunction against the Commissioners of the District of Columbia. The plaintiff officer was retired because of disability. Through his counsel, he contends that his retirement should have been for disability incurred in the line of duty. The matter came before the court on the record before the Police and Firemen's Retirement and Relief Board and other exhibits, one of which was the action of the Board of Commissioners on appeal. The case was argued fully by respective counsel, and the entire record has been carefully reviewed and considered by the court.

Plaintiff contends that the action of the District of Columbia Government was arbitrary and capricious, and further, that Title 4, Section 527(2), should have been retroactively applied.

The Board of Police and Fire Surgeons, on March 13, 1962, met and unanimously recommended plaintiff's retirement for disability on the basis that he had a "psychophysiological musculoskeletal reaction, tension headache". The matter next came before the Police and Firemen's Retirement and Relief Board. That Board held a hearing and thereafter concurred unanimously in recommending the retirement of the plaintiff for disability not incurred in the performance of duty. The matter was appealed to the Board of Commissioners of the District of Columbia. The appeal was presented to the Commissioners, with plaintiff's counsel present, on October 4, 1962, and thereafter was taken under advisement

by them. On October 18, 1962, after having reviewed the record, the Commissioners voted to deny the appeal and to sustain the action of the Police and Firemen's Retirement and Relief Board in recommending retirement of plaintiff for disability not incurred in the line of duty.

■ Another of the contentions of plaintiff is that the record is not clear that the entry, by Dr. Harrell of the Board of Police and Fire Surgeons in March, 1960, that the plaintiff was treated for "post-traumatic" headache was considered. This is based solely on the fact that no specific mention of the entry appears in the reports. The court is constrained to hold that this matter was in fact before the respective bodies which passed judgment as to the disability of the plaintiff. It is, moreover, a part of the official record presented to and received by the court without objection.* Furthermore, Dr. Harrell was a member of the Board of Police and Fire Surgeons which unanimously recommended the retirement of the plaintiff because he had a "psychophysiological musculoskeletal reaction, tension headache." (Incidentally, the only evidence in the case on the point shows that that condition does not result from the type of accident which the plaintiff sustained.) Even if this matter had not been before the Board of Police and Fire Surgeons, the Police and Firemen's Retirement and Relief Board, and the Board of Commissioners on appeal, its absence, the court concludes, would not have been prejudicial in the light of all the other medical testimony.

■■ The court finds that the action taken was not arbitrary or capricious but was in fact clearly justified and warranted by the record. The court further holds that Title 4, Section 527(2), is not retroactive. This matter had been disposed of prior to the effective date of the amendment, and the Commissioners were therefore not required to function under such amendment. The court also finds that the entry by Dr. Harrell was before the various bodies who heard the case.

For the foregoing reasons the complaint for mandatory injunction must be denied. It is therefore, this 9th day of October, 1964,

Ordered that the complaint be, and the same is hereby, dismissed.

---

* See photostatic copy of medical history of plaintiff (P.D. Form 51), page 2.